## GERTRUDE G. MERRILL *vs.* ALBERT P. BASSETT.

### York. Opinion April 30, 1903.

*Removal of Pauper. Physical Condition. Due Care,—Test. Negligence. Jury.*
*New Trial.*

The care to be used in removing a person in distress from one town to another under the pauper law, is that care and prudence which a reasonably careful and prudent man would exercise under the circumstances of a like situation.

The test by which to determine whether due care and prudence have been exercised by one charged with the duty of removal of a person in distress from one town to another in ascertaining the ability of the pauper to bear the strain of the journey, is the means employed and effort made to find out, rather than the actual physical condition itself.

A day affording proper weather conditions should be selected; the pauper should be furnished with suitable garments to protect her, considering as well her physical condition as also the state of the weather; and suitable conveyance in a careful and prudent manner should be provided.

A person charged with the performance of a duty toward another in order to be guilty of negligence must have either done or neglected to do something which an ordinarily prudent and careful man acting in the same relation and under like circumstances would not have done or omitted to do, even though damage may have resulted from his conduct.

When, from an examination of a case by the law court on a general motion for a new trial, it is clear that the jury erred by confusing the defendant's legal duty toward the plaintiff to exercise due care to ascertain her physical fitness to make a journey with his duty toward her if based upon absolute knowledge of her condition, the verdict will be set aside.

Motion by defendant for new trial. Sustained.

Case for alleged negligence and want of care and prudence in moving the plaintiff from Mechanic Falls, where she fell into distress, to Norway. The defendant was employed to remove plaintiff by the overseers of the poor of Norway.

The plea was the general issue and brief statement as follows:—

"That whatever acts he did, he did in a careful and proper manner, and in the removal of the plaintiff, as a pauper of the town of Nor-

way, from Mechanic Falls to the said town of Norway, and that in so doing he acted as the servant of the overseers of the said town of Norway, and under their direction at the time, and that said overseers had been notified by the overseers of the said town of Mechanic Falls, that the plaintiff had fallen into distress and in need of relief in said town of Mechanic Falls, and that she be removed to the town of Norway, where she had her pauper settlement, and this was done in the performance of a duty imposed by law upon the said overseers of said town of Norway, the defendant acting as their servant in such removal, which was done in a reasonably careful and proper manner."

The plaintiff had a verdict for $2250. Besides the general motion, defendant also moved for a new trial on the ground of newly-discovered evidence.

The facts appear in the opinion.

*Edgar M. Briggs; Geo. F. and Leroy Haley,* for plaintiff.

*Enoch Foster and O. H. Hersey,* for defendants.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, SAVAGE, PEABODY, SPEAR, JJ.

SPEAR, J. The plaintiff in her writ sets out that on the thirteenth day of January, 1900, she had a pauper settlement in the town of Norway; that she had fallen into distress in the village of Mechanic Falls, in the County of Androscoggin, and had applied to the overseers of the poor of said town for aid and assistance; that she had for a long time prior to said day been confined to her bed, in said town, with rheumatic fever and was then unable in any way to handle herself by her own efforts; that on said day the overseers of the poor of said Norway, by virtue of their said office, employed the defendant to remove the plaintiff from said Mechanic Falls to Norway according to law; "that said defendant was bound in law to remove her as aforesaid in a safe and prudent manner; and to use due care and caution, not to remove her until she was in a suitable condition to be removed." The plaintiff further alleges that the defendant did not, having regard for her physical condition, remove her in a prudent and careful manner, and that he did not exercise

reasonable care and prudence to ascertain whether she was in a condition to be removed.

It was admitted that the plaintiff had a pauper settlement in Norway, had fallen into distress, and was in need of, and received, pauper supplies from Mechanic Falls; that due notice of these facts had been given to Norway, and that the overseers of Norway had a legal right to remove the plaintiff to Norway. Thus we have left for consideration only two propositions, namely, did the defendant exercise due care to ascertain whether she was in suitable physical condition to be moved, and did he move her in a reasonable and prudent manner. We do not deem it profitable or necessary to give an analysis of the testimony in stating our conclusions with respect to the various propositions contained in this case.

Taking the above propositions in their order, the first inquiry is whether Mr. Bassett used due care to ascertain whether the plaintiff was in suitable physical condition to be moved? The plaintiff's own evidence upon this point is conclusive that he did. Her attending physician was carefully inquired of and emphatically assured the overseer of the poor and the defendant that the plaintiff was in condition to be removed to Norway. Whether the plaintiff was or was not, actually in physical condition to bear the strain of the short journey, the defendant discharged his full duty in this respect by the exercise of ordinary care to find out. It was also incumbent upon the defendant to remove the plaintiff in a prudent manner. We think he did. This involved the selection of a day affording proper weather conditions; furnishing her suitable wearing apparel to protect her, considering her condition, from the weather; and a conveyance to and from the train in a careful and prudent manner.

The evidence conclusively shows that all three of these requirements were fully met by the defendant. The day was an average warm one for the time of year. She ordered such clothing as she said she needed to make her comfortable and they were furnished to her. With respect to her conveyance, she makes no complaint of ill treatment of any kind on the part of Mr. Bassett. The plaintiff said that in her removal she suffered some pain, and this may be true, and yet, if the defendant exercised due care in ascertaining her

physical condition, seeing that she was properly clothed, selecting a proper day and moving her in a prudent manner, as we have already found he did, he would not be liable on account of her suffering.

The question before us is not whether, as a matter of fact, the plaintiff was in a fit physical condition to be moved. She may actually have been unfit, but that does not make the defendant liable. Did the defendant do, in moving the plaintiff, under the circumstances in this case, as a reasonably prudent and careful person would under like circumstances have done? Did he, either by himself or through Mr. Sanborn, the overseer, under the rule stated, make proper inquiry into her physical condition? Did he select a suitable day? Did he believe her properly clothed? Did he carefully convey her from place to place? A reasonably prudent and careful person would have done all these things and we think the testimony in this case conclusively shows that the defendant did. This is a case in which it was very easy for the jury to err.

It was difficult for them to distinguish the defendant's legal duty toward the plaintiff, based upon the exercise of ordinary care, from his duty toward her if based upon absolute knowledge of her actual condition. The evidence in the case may have disclosed to the judgment of the jury that the plaintiff was actually too sick and feeble to be moved. Admit it to be true, and yet the defendant was not bound, at his peril, to know it. He was only bound to do, in the premises, what a reasonable and prudent person would have done under the circumstances of the situation. "When a person in the observance or performance of a duty due to another has neither done nor omitted to do anything which an ordinarily careful and prudent person in the same relation and under the same conditions and circumstances would not have done or omitted to do, he has not failed to use ordinary care, and is therefore not guilty of negligence even though damage may have resulted from his action or want of action." Whatever the reason, the jury clearly erred in their verdict.

*Motion sustained. Verdict set aside.*